IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RICHARD ELINE, #A0154372, | CIV. NO. 19-00264 LEK-KJM |
| Petitioner, | DISMISSAL ORDER |
| vs. | |
| ATTORNEY GENERAL OF THE STATE OF HAWAII, | |
| Respondent, | |

## DISMISSAL ORDER

Before the court is Petitioner Richard Eline's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody and in forma pauperis application. ECF Nos. 1, 3. Eline challenges the revocation of his probation in *State v. Eline*, Cr. No. 15-1-01201 (Haw. 1st Cir. 2017), and *State v. Eline*, Cr. No. 12-1-01492, entered in the Circuit Court of the First Circuit ("circuit court"), State of Hawaii, on August 14, 2018. *See* eCourt Kokua: https://jimspss1.courts.state.hi.us (1PC151001201 and 1PC121001492) (last visit 7/1/2019).

For the following reasons, Eline's Petition is DISMISSED without prejudice, his in forma pauperis application is GRANTED, and any request for a certificate of appealability is DENIED. The Clerk shall enter judgment and terminate this case.

## I. LEGAL STANDARD

The Court must screen all actions brought by prisoners who seek any form of relief from a governmental entity or officer or employee of a governmental entity, including habeas relief. 28 U.S.C. § 1915A(a). Rule 4 of the Rules Governing Section 2254 Cases (Habeas Rule 4) requires the Court to dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Habeas Rule 11 applies the Federal Rules of Civil Procedure to habeas proceedings, "to the extent that they are not inconsistent with any statutory provisions or these rules." Habeas Rule 2(c) requires every habeas petition to (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; and (3) state the relief requested.

When screening a habeas petition, the Court must accept the allegations of the petition as true, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and construe it in the light most favorable to the petitioner, *see Scheuer v. Rhodes*, 416 U.S. 232,

236 (1974). *See also Corjasso v. Ayers*, 278 F.3d 874, 878 (9th Cir. 2002) ("Pro se habeas petitioners may not be held to the same technical standards as litigants represented by counsel."). "It is well-settled that '[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.'" *Jones v. Gomez*, 66 F.3d 199, 204 (9th Cir. 1995) (quoting *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994)); *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) ("[T]he petitioner is not entitled to the benefit of every conceivable doubt; the court is obligated to draw only reasonable factual inferences in the petitioner's favor."). That is, even a pro se petitioner must give fair notice of his claims by stating the factual and legal elements of each claim in a short, plain, and succinct manner. *See Mayle v. Felix*, 545 U.S. 644, 648 (2005) ("In ordinary civil proceedings . . . Rule 8 of the Federal Rules of Civil Procedure requires only 'a short and plain statement[.] . . . Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement."). Allegations in a petition that are vague, conclusory, or palpably incredible, and that are unsupported by a statement of specific facts, are insufficient to warrant relief and are subject to summary dismissal. *Jones*, 66 F.3d at 204-05; *James*, 24 F.3d at 26.

## II. BACKGROUND

Public records reveal that bench warrants for the revocation of Eline's sentences of probation in Cr. Nos. 12-1-01492 and 15-1-01201 were served on May 31, 2018. *See* https://jimspss1.courts.state.hi.us. On July 10, 2018, the circuit court held a hearing on the motions for revocation; Eline was present in custody and represented by Catherine Gutierrez, Esq. The circuit court continued the hearing until August 14, 2018.

Eline was also present with counsel at the August 14, 2018 hearing on the motions for revocation of probation. The minutes of that hearing state:

> Ms. Gutierrez represented that Defense is in receipt of the motions for revocation of probation and that she has gone over the motions with her client. Defendant will waive his right to a hearing and stipulate to the violations. Defendant sworn by Court. In response to Courts inquiry, Defendant waived his right to hearing. Court found that Defendant understood the allegations and terms and conditions of his probation and that he inexcusably violated said terms and conditions of probation. Court granted the motions and revoked probation in each case. Counsel argued sentencing. State went through procedural history of the cases and argued for the open term. Ms. Gutierrez represented that Defendant will honor the agreement previously made regarding serving an open term. Defendant made a statement prior to imposition of sentence. Court gave reasons and sentenced Defendant to the open term of 5 years set forth in the Judgment of Conviction and Sentence filed in each case.

*Id.* (1PC151001201 and 1PC121001492, 08/14/2018).

Eline filed a notice of appeal to the circuit court and then to the Hawaii Supreme Court. *See* CAAP-18-0000772; Eline Decl. (Haw. App. 2018) (requesting to withdraw appeal, signed and dated October 26, 2018). On November 5, 2018, however, Eline signed a stipulation for Dismissal of Appeal. The Intermediate Court of Appeals ("ICA") approved the stipulation and dismissed Eline's appeal on November 20, 2018. *Id.*; Order Approving the November 5, 2018 Stipulation for Dismissal of Appeal.

## III. **DISCUSSION**

A. **Grounds for Relief in the Petition**

On May 24, 2019, Eline filed the present Petition challenging the August 14, 2018 revocation of his probation, although he refers to "No. CAAP 18-00072" as the criminal proceedings that he challenges, rather than Cr. Nos. 12-1-01492 and 15-1-01201. Pet., ECF No. 1, PageID #1. In Ground One, Eline alleges: "No Revocation Hearing Held," and states in support, "court only sentenced me to prison." *Id.*, PageID #6.

In Ground Two, Eline alleges: "Case Must Be Based on Facts," and states in support, "this case was based upon nothing since no proper hearings were held." *Id.*, PageID #8.

In Ground Three, Eline alleges: "Court's Refusal to Listen to Defendant," and states, "Judge had no intention of listening and was probably told to do as such." *Id.*, PageID #9.

In Ground Four, Eline alleges: "Ineffective Assistance of Counsel," and states in support, "Attorney Kathryn Gutieriez refused to do an appeal." *Id.*, PageID #11.

Eline says that he appealed the revocation of his probation, but claims that the ICA "Denied" the appeal on November 20, 2018, rather than explaining that the ICA approved his stipulation to dismiss the appeal on this date. Eline alleges that he did not seek further appeal based on the ineffective assistance of counsel.

**B.     Analysis**

There are several reasons why Eline's Petition must be dismissed. First, a federal court shall not grant a habeas petition on behalf of a person in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement may be satisfied: (1) by providing the highest state court with an opportunity to rule on the merits of the claim, or (2) by showing that at the time the petitioner files the habeas petition in federal court no state remedies are available. *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982) (citations

omitted). In habeas corpus cases, "federal courts may consider sua sponte whether the defendant has exhausted state remedies." *Stone v. City and Cty. of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992) (citing *Granberry v. Greer*, 481 U.S. 129, 134 (1987)).

The public record is clear that Eline stipulated to dismiss his appeal of the revocation of probation and has done nothing further. Even liberally construing Eline's vague allegations as an assertion that he would *not* have stipulated to dismiss the direct appeal but for the ineffective assistance of counsel, which he does not state, Eline has not raised this issue in the state courts. Eline has not exhausted available remedies in the state courts regarding his claims.

Second, Eline fails to allege sufficient facts of his claims for the court to plausibly infer that he can state a claim. Habeas pleading is not notice pleading, and a habeas petitioner must state the specific facts that allegedly entitle him to habeas relief. *See Mayle*, 545 U.S. at 655-56 (2005). The stricter habeas pleading rules similarly require more than "mere conclusions of law, unsupported by any facts." *Id.* at 655. A habeas petitioner must "state facts that point to a real possibility of constitutional error." *Id.* at 679. Eline's wholly conclusory allegations that are unsupported by any statement of specific facts are insufficient to warrant habeas relief. *Jones*, 66 F.3d at 204. Even without reference to the

7

state court record, it is impossible to infer that Eline's constitutional rights were violated during his revocation of probation proceedings based on the bare facts he alleges.

Finally, Eline fails to name the warden or any state officer having custody of him, which is required. *See* Habeas Rule 2(a); *Ortiz Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (holding that "failure to name the correct respondent destroys personal jurisdiction"); *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (stating the correct respondent is normally the warden of the petitioner's facility or the chief officer in charge of state penal institutions).

Consequently, the Petition is DISMISSED without prejudice to Eline pursuing a challenge to his conviction after his claims are exhausted and if he is then able to raise a coherent, federal basis for relief.

## IV. <u>CERTIFICATE OF APPEALABILITY</u>

Rule 11(a) of the Rules Governing Section 2254 Cases requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is denied. *See also*, Fed. R. App. P. 22(b). . Reasonable jurists would not find the dismissal of Eline's Petition as unexhausted as debatable or wrong. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012).

## V. CONCLUSION

Eline's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus is DISMISSED as unexhausted and for failing to comply with the Rules Governing Section 2254 Cases. This dismissal is without leave to amend in this action, but without prejudice to raising these claims after Eline has fully exhausted his claims.

Elines' Application to Proceed In Forma Pauperis as a Prisoner is GRANTED.

Any request for a certificate of appealability is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, July 9, 2019.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Eline v. Hawaii*, 1:19 cv 00264 lek; hab '19 (dsm unexh, ftsc, imp resp